In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00220-CR
______________________________


MELISSA ALCORTA GARZA, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the Criminal District Court No. 4
Dallas County, Texas
Trial Court No. F-0256246-QK


                                                 



Before Morriss, C.J., Ross and Hadden,* JJ.
Memorandum Opinion by Justice Hadden
*Roby Hadden, J., Sitting by Assignment


MEMORANDUM OPINION

          Melissa Alcorta Garza appeals from her jury conviction for possession with intent
to deliver a controlled substance. The jury assessed her punishment at twenty-five years'
imprisonment. On appeal, she contends first that the evidence is legally and factually
insufficient to support the verdict, and second that the trial court erred by refusing to submit
a lesser-included offense charge to the jury. Garza's contentions are without merit. We
affirm.
Evidence Sufficient
          Our review of the record leads us to conclude that the evidence is factually and
legally sufficient.
          In reviewing the evidence for legal sufficiency, we view the relevant evidence in the
light most favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Johnson v.
State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). In reviewing the factual sufficiency of the
evidence, we are required to determine whether, considering all the evidence in a neutral
light, the jury was rationally justified in finding guilt beyond a reasonable doubt. Zuniga v.
State, No. 539-02, 2004 WL 840786 (Tex. Crim. App. Apr. 21, 2004). There are two ways
in which we may find the evidence to be factually insufficient. First, if the evidence
supporting the verdict, considered alone, is too weak to support the jury's finding of guilt
beyond a reasonable doubt, then we must find the evidence insufficient. Id. Second,
if—when we weigh the evidence supporting and contravening the conviction—we conclude
that the contrary evidence is strong enough that the state could not have met its burden
of proof, we must find the evidence insufficient. Id. 
          The record shows that Garza, with two other women, got off a bus from Laredo in
Dallas. Police had received a tip that two or three heavyset Hispanic females in their
thirties or forties were carrying a large quantity of narcotics and would be arriving on a bus
at a Dallas terminal. The officers saw Garza and two other women fitting that description
get off the bus. Detective Jesus Martinez testified Garza went to a picnic table in the
parking lot. The officer testified Garza placed a bag on the seat of the picnic table. 
Martinez identified himself as a police officer and asked if he could speak to her. Garza
agreed, and he explained that he was part of a drug interdiction squad. During his
questioning, he asked if the bag she was carrying was hers. She stated that it was not and
that she had been asked by another lady to carry it to the location. He asked if he could
search it, and she stated that it was not her bag. The officer asked her if she had carried
it to the location, and she stated that she had, but when he reiterated his request to search
the bag, she again told him, "It's not my bag." Concluding Garza had abandoned the bag,
Martinez searched it and found that it contained some clothing, a toiletries case with a
prescription bottle in Garza's name, and also contained four, one-kilogram bricks of
cocaine.
          While she was being booked, Garza told police, "I did all this for $300." Garza
testified she carried the bag, she knew it contained drugs, and someone paid her $300.00
to deliver the drugs. She maintained, however, that she thought it was only a small amount
of drugs.
          Garza does not deny possessing the drugs. She argues that, because she provided
evidence she had no intent to possess such a large quantity of drugs and because intent
to possess a specific amount is an element of the offense, the State's failure to prove her
knowledge of the amount causes the evidence to be insufficient. We disagree. Tex.
Health & Safety Code Ann. § 481.112(a) (Vernon 2003) criminalizes possession with
intent to deliver. Under the Code, an offense is committed if the person knowingly
"possesses with intent to deliver a controlled substance listed in Penalty Group 1." Id. The
amount must be proven in order to determine the level of the offense—a state jail, second,
or first degree felony.


 Under the Penal Code definition, a person acts intentionally if it is
his or her conscious desire or objective to engage in the conduct or cause the result. The
person acts knowingly when he or she is aware of the nature of his or her conduct or that
the circumstances exist.
          Thus, under the plain language of the statute, the testimony of the officer and
Garza's own testimony provide evidence that is both factually and legally sufficient to show
that Garza knowingly possessed a controlled substance with intent to deliver. Further, the
quantity of contraband determines only the range of punishment to be assessed. Tex.
Pen. Code Ann. § 6.04(b) (Vernon 2003) provides that a person is criminally responsible
for an offense, even if the offense that the person intended to commit was less than or
differs from the offense that the person actually committed. Garza acknowledged the
unexpected weight of the bag, and the jury was entitled to believe that, because she had
been in possession of the bag, she was chargeable with knowledge of its contents.
          The evidence is both factually and legally sufficient to support the verdict.
Lesser-Included Charge Not Required
          Garza next contends the trial court committed reversible error by refusing to submit
a lesser-included offense charge to the jury. Again, we disagree.
          A defendant is entitled to a charge on a lesser offense if (1) the lesser offense is
included within the proof necessary to establish the offense charged, and (2) there is some
evidence that would permit the jury rationally to find that, if the defendant is guilty, he or
she is guilty only of the lesser offense. Wesbrook v. State, 29 S.W.3d 103, 113 (Tex. Crim.
App. 2000); Rousseau v. State, 855 S.W.2d 666, 673 (Tex. Crim. App. 1993). 
          We have already discussed the evidence. The only evidence that even intimates
that Garza possessed a lesser amount of the cocaine is her own testimony that she
thought she was only going to be used to transport a smaller amount. Those tracks of
argument are parallel. There is no evidence, which if believed by a jury, would allow it to
conclude Garza possessed less than four kilograms of cocaine. Under these facts,
whether Garza believed she would be carrying, or thought she was in possession of, a
lesser amount is not a relevant consideration in determining the amount of which she was
actually in possession. The second requirement that must be met to justify submission of
a lesser-included offense charge has not been met. We overrule this contention of error.
          We affirm the judgment of the trial court.
 
                                                                           Roby Hadden*
                                                                           Justice

*Sitting by Assignment

Date Submitted:      July 15, 2004
Date Decided:         August 31, 2004

Do Not Publish